IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LASHAWN CABALLERO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:23-CV-1837-K-BN |
| | § | |
| GATEWAY MORTGAGE, a Division of Gateway First Bank, | § § § | |
| | § | |
| Defendant. | § | |

**ORDER ACCEPTING IN PART AND REJECTING IN PART FINDINGS AND RECOMMENDATION**
<u>**OF THE UNITED STATES MAGISTRATE JUDGE**</u>

The Court has made an independent review of the pleadings, files, and records in this case, and the Findings, Conclusions, and Recommendation of the United States Magistrate Judge dated June 4, 2024. As explained, the Court **ACCEPTS in part and REJECTS in part** the Findings, Conclusions, and Recommendation of the Magistrate Judge.

The Court concludes that the Findings, Conclusions, and Recommendation of the Magistrate Judge are correct as to granting in part and denying in part Plaintiff's Motion to Amend (Doc. No. 32) and Motion to Join Defendants (Doc. No. 35) and denying Plaintiff's Motion for Discovery (Doc. No. 45) and denying as moot Plaintiff's Motion Requesting Status Update on Motion for Leave of Joinder to Add Additional Defendants and Motion Requesting Status Update on Leave Request to Amended Original Complaint (Doc. No. 43). Accordingly, those Findings, Conclusions, and Recommendation of the Magistrate Judge are **ACCEPTED** as the Findings and Conclusions of the Court.

It is **ORDERED** that non-diverse defendants Michael Schroeder, Carmen Good, Linda Burrell, Paul Leake, and Constables Odom, Barnes, Frias, Kitchens, and Jason Johnson in their individual capacities are hereby joined to this case.

The Court **REJECTS** the Findings, Conclusions, and Recommendation of the Magistrate Judge that the Court loses its subject matter jurisdiction with the joinder of these non-diverse defendants and, therefore, remand is required. Defendant Gateway Mortgage removed this case to federal court solely on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). In accepting in part the Findings, Conclusions, and Recommendation of the Magistrate Judge, the Court construed Plaintiff's proposed *pro se* complaint liberally and found Plaintiff sufficiently pled a claim under 28 U.S.C. § 1983 for false arrest or detention and for excessive force against Constables Odom, Barnes, Frias, Kitchens, and Jason Johnson in their individual capacities. The § 1983 claim arises under federal law. *See* 28 U.S.C. § 1331. The Court finds that federal question jurisdiction provides an independent basis for the Court's subject matter jurisdiction over the § 1983 claim against the non-diverse Constables Odom, Barnes, Frias, Kitchens, and Jason Johnson even though their joinder destroys diversity jurisdiction. *See Cameron Offshore Boats, Inc. v. Alpine Ocean Seismic Surveys*, 862 F. Supp. 1578, 1582-83 (W.D. La. 1994) (diversity jurisdiction was destroyed with the amended complaint which added a non-diverse defendant, but the court concluded that "the motion to amend need not be problematic" because there was an "alternative basis" for the court's jurisdiction on the allegations of the amended complaint); *see also Johnlewis v. Apache Indus. Servs., Inc.*, 2021 WL 6112558, at *3 (E.D. La. Dec. 27, 2021) ("A court need not

remand a case when diversity is destroyed" with the joinder of a non-diverse defendant "if an independent basis for jurisdiction exists."); *cf. Cain v. Hyatt Corp*, 1987 WL 25618, at *1 (E.D. La. Dec. 3, 1987) (addition of non-diverse defendant with plaintiff's amended complaint "destroy[ed] diversity jurisdiction, and absent an independent basis of federal jurisdiction," granted the plaintiff's motion to remand). Although Plaintiff alleges state law claims against Defendant Gateway Mortgage and newly joined non-diverse defendants Michael Schroeder, Carmen Good, Linda Burrell, Paul Leake, the Court exercises its supplemental jurisdiction at this time over those state law claims. 28 U.S.C. § 1367(a). For these reasons, the Court **REJECTS** the Findings, Conclusions, and Recommendation of the Magistrate Judge that the case must be remanded with the joinder of the non-diverse defendants because the Court will no longer have subject matter jurisdiction under 28 U.S.C. § 1332(a).

The Court **overrules** Plaintiff's objections. In light of the Court's independent review and determinations of the Findings, Conclusions, and Recommendation of the Magistrate Judge, the Court **overrules as moot** Defendant Gateway's objections that the Court retains subject matter jurisdiction under federal question and that supplemental jurisdiction over the state law claims is proper. The Court **overrules** all other of Defendant Gateway Mortgage's objections.

**IT IS, THEREFORE, ORDERED** that the Findings, Conclusions, and Recommendation of the United States Magistrate Judge are **accepted** as to granting in part and denying in part Plaintiff's Motion to Amend (Doc. No. 32) and Motion to Join

Defendants (Doc. No. 35) and denying Plaintiff's Motion for Discovery (Doc. No. 45) and denying as moot Plaintiff's Motion Requesting Status Update on Motion for Leave of Joinder to Add Additional Defendants and Motion Requesting Status Update on Leave Request to Amended Original Complaint (Doc. No. 43).

**IT IS FURTHER ORDERED** that the Findings, Conclusions, and Recommendation of the United States Magistrate Judge are **rejected** as to remanding the case because joinder of the non-diverse defendants destroys the Court's subject matter jurisdiction under 28 U.S.C. § 1332(a), the sole basis for the removal of this case to federal court.

The Clerk is **DIRECTED** to file Plaintiff's amended complaint (Doc. No. 34) as of December 28, 2023. The Clerk is further **DIRECTED** to add Michael Schroeder, Carmen Good, Linda Burrell, Paul Leake, and Constables Odom, Barnes, Frias, Kitchens, and Jason Johnson in their individual capacities as named Defendants in this matter.

**SO ORDERED.**

Signed September 11th, 2024.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE